**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

IVAN L. MENDEZ, et al.,

    Plaintiffs/Petitioners,

v.                                                             No. CV 12-0408 MV/ACT

ONE OF THE CONECTED [sic], WIRED
MEMBERS OF A BIG INTERNATIONAL
CRIMINAL ORGANIZATION, et al.,

    Defendants/Respondents.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated and appears pro se. He has not paid the filing fee or moved for leave to proceed in forma pauperis ("IFP"). As discussed below, because Plaintiff has not complied with filing restrictions previously imposed, the Court will dismiss the complaint and propose additional filing restrictions.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

This Court has dismissed a number of complaints filed by Plaintiff. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (taking judicial notice of court's own records). In *Mendez v. One of the Conected* [sic]*, Wired Members of a Big International Criminal Organization, et al.*, No. CV 10-0554 BB/WDS, the Court also entered filing restrictions against him. A year and a half later, the Court dismissed the complaint in *Mendez v. One of the Conected* [sic]*, Wired Members of a Big International Criminal Organization, et al.*, No. CV 12-0282 RB/ACT, for failure to comply with the filing restrictions. Plaintiff's complaint in this action also fails to comply with filing requirements imposed in the earlier case, and this failure constitutes grounds for dismissing his complaint. *See Baker v. Suthers*, 9 F. App'x 947, 950 (10th Cir. 2001). The Court will dismiss Plaintiff's complaint.

Furthermore, because Plaintiff persists in ignoring this Court's orders, and because his filings are repetitive and abusive, the Court proposes additional filing restrictions against him. A final order of dismissal in this case will not be entered until objections to the filing restrictions proposed below are resolved or, if no objections are filed, the time for objecting has passed. *See Tripati v. Beaman*, 878 F.2d 351, 353-54 (10th Cir. 1989).

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff is hereby ENJOINED from making further filings in this case except objections to this order and a notice of appeal, and the Clerk is directed to return without filing any additional submissions in this case other than objections to this order and a notice of appeal;

IT IS FURTHER ORDERED that, in addition to the filing restrictions in *Mendez v. One of the Conected* [sic]*, Wired Members of a Big International Criminal Organization, et al.*, No. CV 10-0554 BB/WDS, the Clerk is directed to return to Plaintiff without filing any proposed initiating pleading or petition that is not signed by counsel or does not contain the items listed in paragraphs 1, 2 (A), (B), (C) of the order (Doc. 4) in case No. CV 10-0554 BB/WDS.

**Within twenty-one days from entry of this order, Plaintiff may file written objections to these proposed additional filing restrictions, and the restrictions will take effect only upon further order of the Court**.

_____
UNITED STATES DISTRICT JUDGE